David W. Dooley
Dooley Roberts Fowler & Visosky LLP
865 S. Marine Corps Dr., Ste. 201
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223
Dooley@guamlawoffice.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
TERRITORY OF GUAM

| | |
|---|---|
| CHARLES THOMAS POLEVICH, | CIVIL J.S. CASE NO. 17-00001 |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** (28 U.S.C. §1446(a), (b)) |
| CALVO'S SELECTCARE and DOES 1 through 20, | |
| Defendants. | |

1. Calvo's Selectcare is a defendant in a civil action filed on or about December 27, 2016 in the Superior Court of Guam. Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Calvo's Selectcare removes this action to the United States District Court for the District of Guam.

2. The grounds for removal of this action are that it appears from the plaintiff's complaint that this is a civil action arising under the provisions of ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. Plaintiff's complaint alleges a number of theories by which plaintiff seeks to recover contractual and/or extra-contractual damages resulting from alleged failure to properly provide medical benefits and services allegedly guaranteed to the plaintiff under the terms of an ERISA-regulated employee welfare

**ORIGINAL**

benefit plan. Thus, the basis of plaintiff's claim is in federal law. In addition, defendant Calvo's Selectcare shall be asserting defenses based on ERISA.

3. The other bases for relief in this action all arise out of the same set of facts and are part of the same case and controversy, so that this court has supplemental jurisdiction of them within the meaning of 28 U.S.C. §1367(a).

4. Removal of this action from the Superior Court of Guam to this Court is therefore proper under Section 1441(a) of Title 28 of the United States Code because this Court would have had original jurisdiction of the action under Section 1331 of Title 28 had the action been initially filed in this Court.

5. This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the plaintiff's Summons and Complaint in this action were served on defendant Calvo's Selectcare on December 28, 2016. This Notice of Removal is filed within 30 days of receipt of the Summons and Complaint.

6. Pursuant to the provisions of 28 U.S.C. §1446(a), defendant Calvo's Selectcare attaches to this notice and incorporates by reference copies of the following papers; which are all of the process, pleadings and orders served on it prior to removal of this action.

    a. Complaint, filed in the Superior Court of Guam, Civil Case No. CV1142-16, which is marked as Exhibit "A"; and

    b. Summons to defendant Calvo's Selectcare, filed in the Superior Court of Guam, Civil Case No. CV1142-16, which is marked as Exhibit "B".

DOOLEY ROBERTS FOWLER & VISOSKY LLP

Dated: Jan. 5, 2016

By **DAVID W. DOOLEY**

CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Charles Thomas Polevich*

FILED
SUPERIOR COURT
OF GUAM

2016 DEC 27 PM 4: 38

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHARLES THOMAS POLEVICH,<br><br>Plaintiff,<br><br>vs.<br><br>CALVO'S SELECTCARE and DOES 1 through 20,<br><br>Defendants. | CIVIL CASE NO. CV 1142-16<br><br><br>COMPLAINT FOR BREACH OF CONTRACT |

### PARTIES, JURISDICTION, AND VENUE

1. At all times mentioned in this complaint, Defendant Calvo's Selectcare has been an insurance company, licensed with the territory of Guam Commissioner of Insurance, and governed by the provisions of the Guam Insurance Law codified in Title 22 of the Guam Code Annotated. Defendant maintains its principal offices in Hagåtña, Guam.

2. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues these Defendants by their fictitious names. Plaintiff will ask leave of the court to amend the Complaint to allege their true names and capacities when ascertained. These Defendants are sued as principals, and all of the acts performed by them as agents, servants, and employees were performed within the course and scope of their authority and employment. These Defendants are responsible, in whole or in part, for the damages incurred by Plaintiff as alleged in this Complaint.

Exhibit **A**

3.  Plaintiff Charles Thomas Polevich is a resident of Saipan, but owns a home and a business in Guam. Mr. Polevich is the President and owner of Allied Pacific Environmental Corporation, a Guam Corporation.

4.  This court has jurisdiction over all causes of action asserted in this Complaint pursuant to 7 GCA §4101 (a).

5.  This court has jurisdiction over each Defendant named in this Complaint because each Defendant is either an individual residing in Guam, a corporation or association organized under the laws of Guam, a foreign corporation or association authorized to do business in Guam and registered with the Guam Department of Revenue and Taxation, or does sufficient business in Guam, has sufficient minimum contacts with Guam, or otherwise intentionally avails itself of the markets within Guam, through the promotion, sale, marketing, and distribution of its products in Guam, to render the exercise of jurisdiction by the courts of Guam permissible under traditional notions of fair play and substantial justice.

6.  Venue is proper in this court because Calvo's Selectcare has a principal place of business located within Guam, Plaintiff owns a home and business in Guam, and because a substantial part of Defendants' misconduct, as more fully discussed below, took place within Guam.

## GENERAL ALLEGATIONS

7.  Plaintiff applied for and obtained a policy of health insurance (here referred to as the "Policy") from Defendant Calvo's Selectcare.

8.  Defendant Calvo's Selectcare subsequently issued the Policy to Plaintiff.

9.  Plaintiff, after issuance of the Policy, paid the required monthly premiums on the Policy. Plaintiff has previously submitted to Calvo's Selectcare other medical and prescription drug claims. Defendant Calvo's Selectcare paid these, and other, small claims.

10. While covered under the Policy, Plaintiff suffered a heart attack in December 2013 that required emergency care from a number of service providers, in an amount totaling

Five Hundred Six Thousand, Eight Hundred Forty-Nine dollars and Forty-Nine cents ($506,849.49).

11. The Plaintiff's heart attack in December 2013 was a medical incident that was covered under the Policy, and Defendant Calvo's Selectcare should have paid for the medical expenses related to that incident.

12. Plaintiff submitted to Defendant Calvo's Selectcare a claim for the emergency care he received.

13. Defendant Calvo's Selectcare has refused to pay for the care the Plaintiff has received, and has asserted that the need for such care was foreseeable, and should have occurred under the care of a "participating provider."

14. Defendant Calvo's Selectcare has paid Two Hundred Thousand, Four Hundred Seventy-One dollars and Eighty-Eight cents ($200,471.88), with an unpaid balance of Three Hundred Six Thousand, Three Hundred Seventy-Seven dollars and Sixty-One cents ($306,377.61).

15. Defendant Calvo Selectcare's repudiation of their obligations under the Policy was in bad faith in that Defendant Calvo Selectcare had no factual or legal basis to consider the treatment received by Plaintiff has non-emergency care that should not have been covered according to the terms of the Policy, and that the decision to characterize the care received by Plaintiff as non-emergency care is part of a company-wide scheme, in that Calvo's Selectcare has made such a determination in order to avoid payment of large claims that would otherwise be covered.

16. Plaintiff complained to Defendant Calvo's Selectcare about the repudiation, but Calvo's Selectcare affirmed its repudiation during a purported "explanation."

17. As the result of the repudiation of the coverage under the Policy, Plaintiff has been forced to pay parts of his large medical bills, has incurred debt when others have paid for certain medical services on his behalf, has been forced to deal with collection notices and the

emotional distress associated with bill collections, has incurred additional treatment made necessary as the result of Calvo Selectcare's misconduct, and has otherwise suffered physically, emotionally, and monetarily, all of which is detrimental to plaintiff's health condition.

## FIRST CAUSE OF ACTION

### *Breach of Contract*

18. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 17, as if set forth fully here.

19. Plaintiff, on the one hand, and Calvo's Selectcare, on the other hand, entered into an insurance contract, the terms of which are set forth in the Policy. Defendant Calvo Selectcare's repudiation of the Policy as discussed above, and failure to pay Plaintiff's medical bills, breached this contract.

20. As a proximate result of this breach of contract, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $306,377.61, plus prejudgment interest, post judgment interest, and costs.

## SECOND CAUSE OF ACTION

### *Breach of the Implied Covenant of Good Faith and Fair Dealing*

21. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 20, as if set forth fully here.

22. As alleged above, the relationship of insurer and insured existed between defendant Calvo's Selectcare and Plaintiff.

23. This relationship of insurer and insured caused there to be implied in law a duty extending from Defendant Calvo's Selectcare to Plaintiff to deal fairly with Plaintiff and in good faith. Defendant Calvo's Select care breached that duty of good faith and fair dealing in Repudiating the Policy without performing a thorough and objective investigation into the nature of the care the Plaintiff received, but instead performing a biased and inappropriate investigation.

24. As a proximate result of the above-mentioned acts and omissions of Defendant Calvo's Selectcare, Plaintiff has suffered monetary loss, incurred significant monetary debt, suffered great emotional distress, and suffered additional consequential damages in an amount to be proven at trial.

25. The above-mentioned acts and omissions were performed maliciously, fraudulently, and oppressively, and were authorized, ratified, and performed by Calvo Selectcare's officers and managing agents sufficient to trigger punitive damages liability on Defendant Calvo's Selectcare.

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, for:

1. Compensatory damages, in an amount to be proven at trial, but in no event less than $306,377.61;

2. Reasonable attorney's fees;

3. Costs of suit incurred in this action;

4. Prejudgment and post judgment interest allowed by law; and

4. Such other and further relief as the court deems to be just and proper.

### JURY DEMAND

Please take notice that Plaintiff demands a Jury Trial of 12 in the above-entitled action.

*Respectfully Submitted* this 27th day of December 2016.

CIVILLE & TANG, PLLC

By: /s/ Joseph C. Razzano
JOSEPH C. RAZZANO
Attorneys for Plaintiff
Charles Thomas Polevich

**CIVILLE & TANG, PLLC**
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiff*
*Charles Thomas Polevich*

FILED
SUPERIOR COURT
OF GUAM

2016 DEC 27 PM 4: 38

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHARLES THOMAS POLEVICH, <br><br> Plaintiff, <br><br> vs. <br><br> CALVO'S SELECTCARE and DOES 1 through 20, <br><br> Defendants. | CIVIL CASE NO. CV 1142-16 <br><br><br> SUMMONS |

**TO:  CALVO'S SELECTCARE**

YOU ARE HEREBY Summoned and required to file in Court and serve upon JOSEPH C. RAZZANO, Esq., of the law offices of Civille & Tang, PLLC, Plaintiff's Attorney, whose address is Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam 96910, an Answer to the Complaint for Breach of Contract which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

Dated at Hagåtña, Guam, on _____DEC 27 2016_____.

DANIELLE T. ROSETE
Clerk of Court

**Scott E. Hermosilla**
**DEPUTY CLERK**

Exhibit B