**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| CHARLES THOMAS POLEVICH,<br><br>Plaintiff,<br><br>v.<br><br>TOKIO MARINE PACIFIC INSURANCE LIMITED and CALVO'S INSURANCE UNDERWRITERS, INC.,<br><br>Defendants. | CIVIL CASE NO. 17-00001<br><br>**DECISION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Before the Court is Defendants' Renewed Motion for Summary Judgment (ECF No. 51). The Court previously denied a summary judgment motion by Defendants Tokio Marine Pacific Insurance Limited and Calvo's Insurance Underwriters, Inc. – here referred to collectively as "Calvo's" – because there was a genuine dispute of material fact as to the amount they were responsible to pay on more than $500,000 in medical bills for treatment provided to Plaintiff Charles Thomas Polevich in December 2013 and January 2014 in New York State at a non-participating provider hospital. (Order, June 19, 2019, ECF No. 50.) The Court gave the parties leave to file a renewed motion within 21 days of the date of the Order; Calvo's Renewed Motion was timely filed on July 10. Calvo's has supported the Renewed Motion with a Supplemental Declaration of plan administrator Frank J. Campillo (ECF No. 52) and a Supplemental Concise

1

Statement of Material Facts (ECF No. 53). Polevich filed an Opposition (ECF No. 55), supported by his own Declaration (ECF No. 56) and Concise Statement of Material Facts (ECF No. 57), and Calvo's filed a Reply (ECF No. 59). Because neither party requested oral argument within the time allotted under CVLR 7(i), the Court has taken the matter under advisement and, after careful consideration of the written briefs and supporting documents, GRANTS Calvo's Renewed Motion for Summary Judgment, for the reasons stated herein.

## II. BACKGROUND

The parties are familiar with the detailed facts, as set forth in the Court's June 19 Order and the Magistrate Judge's Report and Recommendation (Sept. 13, 2018, ECF No. 46). Briefly, the facts are as follows: While covered under a health insurance policy issued by Calvo's, Polevich suffered a heart attack in New York State in December 2013 which required emergency care during the initial hospital stay that month and his readmission in January 2014. The medical bills at the out-of-plan New York hospital totaled just over a half-million dollars. In his Second Amended Complaint ("SAC," June 9, 2017, ECF No. 16), Polevich alleges that Calvo's paid only about 40 percent ($200,471.88) of those charges, leaving him with an unpaid balance of more than $300,000. (SAC ¶ 16.) He further alleges that in order to avoid payment of just claims, Calvo's has in bad faith characterized his hospitalization as foreseeable and his treatment as non-emergency care. (SAC ¶ 17.) He brings a single Guam-law claim for breach of contract for Calvo's "repudiation of the Policy as discussed above, and failure to pay Plaintiff's medical bills." (SAC ¶ 22.)

After Magistrate Judge Manibusan recommended granting Calvo's initial MSJ, Polevich filed objections. The Court denied two objections based on alleged ambiguity in contract terms regarding usual, customary and reasonable ("UCR") charges and equitable estoppel. The Court found to be undisputed that (1) "Calvo's treated Polevich's medical care as emergency treatment

from a non-participating provider" and (2) "Calvo's applied the fee schedule from its U.S. Mainland participating provider Good Samaritan hospital" to "at least a portion of Polevich's claims for services received at St. Francis Hospital" in December 2013 and January 2014. (Order, June 19, 2019, ECF No. 50, p. 14.) It sustained one objection, however, based on Calvo's failure to adequately explain how it calculated the benefit amount for Polevich's January 22, 2014 emergency room visit. (*Id*., pp. 14–15.) The Court also found that Calvo's wrongly applied a UCR analysis to some of the hospital's claims when the Good Samaritan rate should have been applied. (*Id*., p. 15.)

### III. LEGAL STANDARDS

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if it could affect the outcome of the suit under the governing substantive law." *Miller v. Glenn Miller Productions, Inc.,* 454 F.3d 975, 987 (9th Cir. 2006). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If the movant meets this initial burden, the nonmovant must "go beyond the pleadings" and by evidence in the record "designate specific facts that show a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

### IV. ANALYSIS

Calvo's asserts that it should be granted summary judgment because it has "made all payments required under the terms of the policy." (Renewed Mot. at 2.) It fairly identifies as the Court's two "specific concerns": (1) "Was there a fact dispute as to the amount paid by Calvo's, since plaintiff claimed Calvo's only paid $172,809.21 while Calvo's submitted checks showing it paid $209,263.12"; and (2) "did Calvo's pay an amount based on the amount payable to a

participating provider for emergency care services?" (*Id*. 5.)

As to the first concern, there is no genuine dispute as to a material fact. Calvo's points out that the lower figure, $172,809.21, represents the amount it paid on only a portion (about 80 percent) of the cost of Polevich's treatment, and that Polevich mistakenly believed it represented Calvo's payment on all claims. (Renewed Mot. at 7.) Calvo's further points out, correctly, that the Court recognized this fact in its June 19 Order. In his Opposition, Polevich retreats. He no longer disputes that Calvo's paid more than $200,000 but asserts that the evidence leaves it unclear whether the exact amount was $209,263.12, representing the total of Calvo's checks, or $211,089.14, the amount on the "total Calvo's payment" line in Exhibit E (Opp'n at 3-4; Ex. E, ECF No. 24-5 at 3; Pl's Concise Statement, ECF No. 57 at 1). This discrepancy of $1,826.02 is not part of any genuine dispute. Polevich's claim in the Second Amended Complaint (¶ 16) is that Calvo's wrongly left him with more than $300,000 in unpaid medical bills by refusing to comply with the Policy and treat his care in New York as emergency care, not that they made a minor accounting error.

The second point also favors awarding summary judgment to Calvo's. Calvo's has presented ample evidence that it treated all of Polevich's claims as emergency care following similarly situated provider rates. That includes the claims for January 22, 2014 readmission treatment. (*See* Ex. D, ECF No. 24-4 at. 12, Provider Transmittal.) In response, Polevich asserts that it is not enough for Calvo's to present a declaration of an agent saying the company applied the Good Samaritan rate, or even to submit a printout indicating the same, but that Calvo's needs to show their math. "Defendants must put forth concrete evidence of the calculations made for Plaintiff's January 22, 2014 hospital visit. They cannot rely on previous assertions that they made payments substantially higher to meet their obligation as declared by the Court." (Opp'n, at 3.) This is a fair reading of the Court's statement, in its order on the objections to summary

4

judgment, that "there remains a genuine issue of material fact as to how Calvo's actually calculated the remainder of Polevich's claims under the policy." (Order, p. 15.)

That position bears reconsideration. Because the evidence shows that Calvo's treated all the charges as arising from emergency care, no genuine issue of material fact remains. The only theory Polevich has put forward in his pleadings as to how Defendants breached is that, wrongly and in bad faith, without any factual or legal basis, they "consider[ed] the treatment received by Plaintiff [as] non-emergency care," and that they did so "in order to avoid payment of large claims that would otherwise be covered." (SAC ¶ 17.) No material facts in dispute support this legal claim. If Polevich has a different theory of breach and recovery, he should have moved to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Instead, he has been shifting his theory in opposition briefs to summary judgment, a tactic that is not permitted. *See Netbula, LLC v. BindView Development Corp.,* 516 F. Supp. 2d 1137, 1153 n.9 (N.D. Cal. 2007) ("a plaintiff may not amend its complaint through argument in a brief opposing summary judgment"); *Shanahan v. City of Chicago,* 82 F.3d 776, 781 (7th Cir. 1996) (same); *Gilmour v. Gates, McDonald and Co.,* 382 F.3d 1312, 1314 (11th Cir. 2004) ("Liberal pleading does not require that, at the summary judgment stage, defendant must infer all possible claims that could arise out of the facts set forth in the complaint."). Calvo's was on notice to defend against a claim that it had applied the wrong standard (non-emergency care) to Polevich's medical claims and in bad faith repudiated the contract. Based on their evidence in support of their motion, Calvo's has succeeded in its defense.

## V. CONCLUSION

The Court finds that there is no dispute of material fact that Calvo's treated all the medical claims at issue, including the claim for care on January 22, 2014, as emergency medical care. Polevich has had ample opportunity to move to amend the Second Amended Complaint to

5

allege a different theory of breach and has not done so. For these reasons, the Court GRANTS Defendants' Renewed Motion for Summary Judgment. The Clerk is directed to enter judgment in favor of Defendants Tokio Marine Pacific Insurance Limited and Calvo's Insurance Underwriters, Inc., and to close the case.

IT IS SO ORDERED this 24th day of September, 2019.

/s/ *signature*
RAMONA V. MANGLONA
Chief Judge, District for the Northern Mariana Islands, sitting by designation